UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MARTIN PARKER and TRACEY PARKER,

Plaintiffs,

v. Case No: 8:26-cv-02766-JLB-SPF

CHASTAIN-SKILLMAN, LLC AND THE DRUMMOND COMPANY, INC.,

Defendants.
_______________________________________/

**ORDER**

Before the Court is Martin Paker and Tracey Parker's Complaint against Defendants Chastain-Skillman, LLC and The Drummond Company, Inc. (Doc. 1). For the reasons stated below, Plaintiffs' Complaint is **DISMISSED without prejudice** as an impermissible shotgun pleading.

**BACKGROUND**

Plaintiffs bring six claims against Defendants alleging that they failed to disclose that Plaintiffs' property is located within a former phosphate mine and that radioactive mining materials were left on or near the property. (*Id.* at ¶¶ 24–85).

**LEGAL STANDARD**

"A district court has the 'inherent authority to control its docket and ensure the prompt resolution of lawsuits,' which includes the ability to dismiss a complaint on shotgun pleading grounds." *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1295

(11th Cir. 2018) (quoting *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1320 (11th Cir. 2015)).

**DISCUSSION**

"A shotgun pleading is a complaint that violates either Federal Rule of Civil Procedure 8(a)(2) or Rule 10(b), or both." *Barmapov v. Amuial*, 986 F.3d 1321, 1324 (11th Cir. 2021) (citing *Weiland*, 792 F.3d at 1320). Rule 8(a) requires a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Rule 10(b) requires that a party "state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). The "self-evident" purpose of the rules is "to require the pleader to present his claims discretely and succinctly" so the adversary "can discern what he is claiming and frame a responsive pleading [and] the court can determine which facts support which claims and whether the plaintiff has stated any claims upon which relief can be granted." *Weiland*, 792 F.3d at 1320 (citation omitted).

There are four categories of shotgun pleadings. *Weiland*, 792 F.3d at 1321–23. The first and most common type "is a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint." *Id.* The second is a complaint "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action." *Id.* The third type of shotgun pleading is one that does not "separat[e] into

a different count each cause of action or claim for relief." *Id.* The fourth and final category of shotgun pleading is one that "assert[s] multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." *Id.*

Here, Plaintiffs' Complaint falls into the first category of a shotgun pleading. (*See generally* Doc. 1). Each of the six counts in the Complaint adopts the allegations of the preceding counts. (*Id.* at ¶¶ 93, 100, 107, 113, 119, 128).

Because the Complaint is a shotgun pleading, the Court finds dismissal without prejudice appropriate. *Jackson v. Bank of Am., N.A.*, 898 F.3d 1348, 1357 (11th Cir. 2018) ("[A] District Court retains authority to dismiss a shotgun pleading on that basis alone."). The Court will provide Plaintiffs leave to amend their Complaint to be filed within fourteen (14) days from the date of this Order. *See* Fed. R. Civ. P. 15(a)(2) ("The court should freely give leave when justice so requires."); *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1296 (11th Cir. 2018) ("When a litigant files a shotgun pleading, is represented by counsel, and fails to request leave to amend, a district court must sua sponte give him one chance to replead before dismissing his case with prejudice on non-merits shotgun pleading grounds.").

*—Rest of page intentionally left blank—*

## CONCLUSION

Accordingly, it is **ORDERED**:

(1) Plaintiffs' Complaint (Doc. 1) is **DISMISSED without prejudice**.

(2) Plaintiffs are provided leave to file an amended complaint within fourteen (14) days from the date of this Order. No new claims may be added to the amended complaint. Failure to timely file an amended complaint will result in the dismissal of this case without further notice of the Court.

**ORDERED** in Tampa, Florida, on September 29, 2026.

JOHN L. BADALAMENTI
UNITED STATES DISTRICT JUDGE